IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| MARVEL JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>KRISTINE BOE SIMMONS, Clinical Program Manager; Each defendants is sued in his and her individual and official capacities; et al.,<br><br>    Defendants. | | **8:26CV249**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion to proceed in forma pauperis ("IFP"), Filing No. 2, and motion for appointment of counsel, Filing No. 3. Each motion will be addressed in turn.

## I.  MOTION TO PROCEED IFP

Plaintiff, a non-prisoner,[1] submitted an "affidavit in support of application to proceed in forma pauperis," Filing No. 2 (capitalization omitted), with his Complaint, Filing No. 1, on June 2, 2026. However, his request to proceed IFP does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis, as it does not include a statement of his assets. *See* 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security

---

[1] Plaintiff's Complaint, Filing No. 1, indicates he is civilly committed to the Norfolk Regional Center. Thus, Plaintiff is not a "prisoner" within the meaning of the PLRA. *See Reed v. Clarke*, No. 4:04CV3168, 2005 WL 1075092, at *1 n.1 (D. Neb. May 5, 2005) ("The plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment. The Prison Litigation Reform Act ('PLRA') does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of 'prisoner' in the PLRA does not include a person involuntarily committed for reasons of mental health.") (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir.2001)).

therefor").   Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915.   Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also seeks the appointment of counsel due to his confinement in the Norfolk Regional Center, the complexity of the issues in the case, and his lack of legal knowledge and access to a "physical law library."   Filing No. 3.   "There is no constitutional or statutory right to appointed counsel in civil cases."  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as Plaintiff appears able to adequately present his claims at this early stage of litigation.  As a civil detainee, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners [and detainees] will face similar challenges."  *See Recca*, 859 F. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)).  Thus, the Court declines to appoint counsel at this time.  The

Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1.     Plaintiff's motion to proceed in forma pauperis, Filing No. 2, is denied without prejudice to reassertion in a motion to procced IFP that complies with 28 U.S.C. § 1915.

2.     Plaintiff's motion for appointment of counsel, Filing No. 3, is denied without prejudice to reassertion.

3.     Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days.  Failure to take either action will result in dismissal of this matter without further notice.

4.     The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

5.     The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **July 13, 2026**: Check for MIFP or payment.

Dated this 12th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge